IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTO MEDIC, | ) | CASE NO. 1:16CV1415 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

Plaintiff Anto Medic ("Medic") filed this action seeking judicial review of the decision of Defendant Commissioner of Social Security ("Commissioner") dismissing his request for a hearing based on *res judicata* and alleging that Defendant deprived him of his procedural due process rights in conjunction with his application for Disability Insurance Benefits ("DIB"). Doc. 13 (First Amended Complaint). This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2(b)(1).

As explained below, the Court lacks subject matter jurisdiction to entertain Medic's action. Therefore, this case should be **DISMISSED**.

## I. Procedural History

### A. Medic's first application

Medic filed his first application for DIB on January 28, 2011, alleging a disability onset date of October 22, 2001. Tr. 46, 48. His claim was denied initially on June 6, 2011, based on the Agency's determination that he failed to establish that he was disabled prior to his date last insured, December 31, 2006. Tr. 43. The denial letter informed Medic of the evidence the

1

Agency considered when it decided his claim and notified him that he had a right to appeal by filing a request within 60 days. Tr. 43-44. Medic did not file a timely request for review. Tr. 12.

A year later, on June 19, 2012, the Agency sent Medic a Notice of Disapproved Claim, advising him again that he did not qualify for disability benefits. Tr. 40. The letter explained,

> You do not qualify for benefits because this application concerns the same issues which were decided when an earlier claim was denied. We do not have any information which would cause us to change our earlier decision.
>
> The information you gave us does not show that there was any change in your health before December 2006. This was when you last met the earnings requirement for receiving benefits.

Tr. 40. The letter again informed Medic of his right to appeal by filing a request within 60 days and instructed him to submit any new information he had about his health prior to December 2006. Tr. 40-41. The letter further advised him that, if he thought he might be entitled to benefits in the future, he must reapply; the letter also warned him that filing a new application based on the same facts and issues that were the basis for his current application could be denied by the Agency using the same Agency decision that was used to deny his current application. Tr. 40, 42.

On October 7, 2012, the Agency sent Medic another Notice of Disapproved Claim, again informing plaintiff:

> You do not qualify for benefits because this application concerns the same issues which were decided when an earlier claim was denied. We do not have any information which would cause us to change our earlier decision.
>
> The information you gave us does not show that there was any change in your health before December 2006. This was when you last met the earnings requirement for receiving benefits.

Tr. 37. The letter also advised him that he had a right to request an appeal within 60 days, that he should submit any new information about his health prior to December 2006, and that he may file a new application but, if a new application is based on the same facts and issues in his current application, it could be denied by the Agency using the same Agency decision as his current application. Tr. 37-39.

On December 20, 2012, 74 days later, Medic appointed attorney Marcia Margolius as his representative. Tr. 31, 36. The same day, Margolius requested reconsideration of Medic's claim and informed the Agency that, if an appeal were due, her letter would serve as notice of the appeal and the Agency should contact her. Tr. 31, 34, 36. On December 31, 2012, Medic terminated the attorney he had secured prior to Margolius and prior counsel withdrew as his attorney that day. Tr. 33.

On June 10, 2013, the Agency issued a notice that Medic's claim had been denied on October 17, 2012, and was no longer active.[1] Tr. 35.

On June 24, 2013, Margolius submitted a "good cause" letter requesting that the Agency find "good cause" for Medic's failure to commence an appeal within the 60-day period. Tr. 31. Margolius explained that she had "just been advised that [Medic] received a denial on October 17, 2012 and that his claim is no longer active." Tr. 31. She argued that because she alerted the Agency of Medic's intent to proceed after the 60-day period had expired and just after Medic appointed her as his representative, good cause should be found for the late filing of Medic's appeal. Tr. 31.

On August 23, 2013, the Agency informed Medic and his counsel that it found no "good cause" for his delay in filing an appeal. Tr. 28. Specifically, the Agency found that Medic's denial notice was sent on October 7, 2012 (not October 17, 2012) and that counsel did not

---

[1] The letter erroneously listed the date as October 17 but the correct date is October 7.

3

provide an explanation as to why Medic failed to show her his denial letter or inform her of the date the letter was sent. Tr. 30. The Agency also wrote, "Mr. Medic did not even engage the attorney until after the 65 day appeal period." Tr. 30.

### B. Medic's second application

Medic filed a second application for DIB on February 20, 2014, alleging the same disability onset date, October 22, 2001. Tr. 12. On March 13, 2014, Margolius accepted appointment as Medic's representative for the new application (Tr. 27), but Medic terminated her on April 22, 2014. Tr. 25-26.

On April 27, 2014, the Agency sent Medic a Notice of Disapproved Claim, stating,

> We denied your previous claim for disability benefits. Our previous decision covered the same issues as this claim. We do not have any new information to change our decision.
>
> The information you gave us does not show that there was any change in your health before December 2006. This was when you last met the earnings requirement for receiving benefits.

Tr. 21. The letter instructed Medic that he had 60 days to appeal and that he should submit any new information about his health prior to December 2006. Tr. 21-22.

On June 18, 2014, Medic appointed attorney John Oreh as his representative. Tr. 20. Two days later, on June 20, 2014, Medic filed a request for reconsideration, representing that he had no additional evidence to submit. Tr. 19.

On June 28, 2014, the Agency sent Medic a Notice of Disapproved claim, stating that the Agency's first decision had been reviewed and was found to be correct. Tr. 15. The Notice explained,

> We denied your previous claim for disability benefits. Our previous decision covered the same issues as this claim. We do not have any new information to change our decision.

4

> The information you gave us does not show that there was any change in your health before December 2006. This was when you last met the earnings requirement for receiving benefits.

Tr. 15. The Notice instructed Medic to submit any new information about his health prior to December 2006 so that it can be reviewed to see if it would change the Agency's decision. Tr. 15. The Notice also stated that Medic had 60 days to request a hearing from an ALJ, adding that the ALJ may dismiss the request for hearing if there are no new facts and the application presents the same issues as Medic's prior application. Tr. 16. A copy of the Notice was sent to attorney Oreh. Tr. 15.

On August 15, 2014, Medic filed a request for a hearing by an ALJ, alleging that the Agency's disability determination was "incorrect as a matter of fact and law." Tr. 14. The request for hearing form, signed by both Medic and his counsel, included a box that asked the claimant to indicate whether he or she has additional evidence to submit and the name and address of the source of that evidence. Tr. 14. This section of the form was left blank by Medic and counsel. The form also states that additional evidence should be submitted to the hearing office within 10 days. Tr. 14. In his brief on the merits in this Court, Medic's counsel alleges that, "at this time, [] counsel had been requesting and receiving medical records dated within the relevant time frame that were not made part of the original file." Doc. 23, p. 6.

On September 17, 2014, the ALJ dismissed Medic's request for a hearing, finding that his request was precluded by *res judicata*. Tr. 8-13. The ALJ explained that the same facts and issues were involved in Medic's present claim as with his first claim, from 2011, and that there was no new and material evidence submitted. Tr. 13.

On November 11, 2014, Medic requested Appeals Council review of the ALJ's dismissal determination, again alleging that the decision was "incorrect as a matter of fact and law." Tr. 6.

5

The Request for Review of Hearing Decision/Order form, signed by Medic and his counsel, set forth the procedure for submitting additional evidence: additional evidence should be submitted with the request for review, and if additional time is needed, it must be requested in writing at the time of the request for review.  Tr. 6.  It provides that any additional material submitted should include the claimant's social security number, and "if you received a barcode from us, the barcode should accompany this document and any other material you submit to us."  Tr. 6.  Accompanying this form, Counsel submitted a letter stating,

> Kindly consider this letter a request for a copy of the hearing tape. I also ask that you allow additional time in order for us to review the tape and prepare a brief in support of the claimant's position.

Tr. 5.

On February 12, 2015, the Agency sent a letter advising counsel that it had granted his request for more time, was giving him an additional 25 days to submit evidence, and informed him that there was no hearing for the claim at issue; therefore, there was no hearing tape.  Tr. 3.

On April 19, 2016, after reviewing additional evidence submitted by Medic, the Appeals Council denied Medic's request for review of the ALJ's dismissal, finding no basis for review. Tr. 1-2.  The Appeals Council explained that the evidence from Hillcrest Hospital dated November 21, 2001, through October 18, 2006, Cleveland Clinic, dated May 12, 2003, through August 17, 2004, Mark Cohen, Psy.D., dated May 3, 2006, and Elliott Dickman, M.D., Ph.D., dated March 1, 2002, through April 26, 2002, concerned the period at issue but did not present a material change in Medic's condition that would warrant reopening his prior application.  Tr. 2. It found that records from Loren Shapiro, Ph.D., Genesis Counseling Center, and Rebecca Farmer, P.T., were outside of the period at issue, and that Dr. Shapiro's February 2006 report and

6

evidence from Hillcrest Hospital from November 2001 through October 2006 were duplicative. Tr. 2.

On June 10, 2016, Medic, through counsel Oreh, commenced this action (Doc. 1); he filed an Amended Complaint on October 26, 2016 (Doc. 13).

## II. Law & Analysis

Medic argues that his procedural rights were violated because the ALJ failed to follow the Agency's own regulations when she dismissed his request for a hearing based on *res judicata*. Doc. 23, p. 9. He also argues that Defendant failed to file a complete transcript in this case, which constitutes prejudice *per se* under 42 U.S.C. § 405(g).[2] Id.

### A. This Court lacks subject matter jurisdiction based on 42 U.S.C. § 405(g)

A party may seek judicial review of a final decision of the Commissioner of Social Security "made after a hearing." 42 U.S.C § 405(g); *Hilmes v. Sec'y of Health & Human Servs.*, 983 F.2d 67, 69 (6th Cir. 1993). An ALJ's decision to deny the claimant's request for a hearing is itself made without a hearing and, therefore, falls outside the purview of § 405(g). *Id.* (affirming dismissal for lack of jurisdiction when the claimant's request for a hearing was denied by the ALJ on the grounds of *res judicata* and the Appeals Counsel declined to review the ALJ's decision). An exception to the jurisdictional bar exists when the claimant presents a colorable constitutional claim, e.g., that the claimant's due process rights were violated. *Id.*, at 70; *Glazer v. Comm'r of Soc. Sec.*, 92 Fed. App'x. 312, 314 (6th Cir. 2004) (citing *Cottrell v. Sullivan*, 987 F.2d 342, 345 (6th Cir. 1992)).

---

[2] In his Amended Complaint, Medic invokes 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) as providing jurisdiction in this Court to review the Commissioner's decision. Doc. 13, p. 1, ¶1. Section 1383 applies to applications for Supplemental Security Income under Title XVI, which is not applicable in this Title II, DIB case.

Here, the ALJ denied Medic's request for a hearing based on *res judicata* and the Appeals Council declined to review the ALJ's decision. Thus, absent a colorable constitutional claim, the Court lacks jurisdiction to hear Medic's appeal. *See Hilmes*, 983 F.2d at 69-70.

**B. Medic does not present a colorable constitutional claim**

Medic argues that the ALJ violated Social Security Regulations when she denied his request for a hearing based on *res judicata* because she should have recognized that Medic's second application was an implied request to reopen his previous determination. Doc. 23, p. 10. He contends that a prior decision can be reopened within four years of the notice of the initial determination and, because his second application was filed within four years of his first notice of initial determination, the ALJ had to consider whether he met the requirements for reopening pursuant to 20 C.F.R. §§ 404.988 and 404.989. Id. Even if Medic's argument could be characterized as describing a procedural due process violation, his argument fails. Under §§ 404.988 and 404.989, good cause to reopen a prior determination is made when a claimant provides new and material evidence. § 404.989(a); Doc. 23, p. 10 (Medic's brief stating that good cause exists when new and material evidence is furnished). But Medic <u>did not provide any evidence</u> to the ALJ. Therefore, even if his second application could have been seen as a request to reopen a prior decision, Medic did not provide any evidence, let alone new and material evidence, upon which the ALJ could have found good cause to reopen the prior determination.

Medic's failure to diligently pursue his disability claim does not describe a procedural due process violation. Importantly, at the time of the ALJ's decision denying him a hearing, Medic had been advised by the Agency *five times* that he should submit additional evidence relating to his claim (Tr. 40, 37, 21, 15, 14) and had *twice* indicated that he had, in fact, no new evidence to submit (Tr. 19, 14). Notably, Medic was represented by counsel prior to December

8

31, 2012, continuing to the present time; he cannot (and does not) allege that he was mentally or physically incapable of submitting evidence or understanding how to submit evidence. He does argue that he was provided no "necessary means to submit [his] medical records" because the Agency did not send him a barcode with which to submit evidence (Doc. 23, p. 11), but this argument fails. Medic does not explain why he needed a barcode to submit evidence. The request for a hearing form simply states that any additional evidence should be submitted within 10 days of the request for a hearing. Tr. 14. Moreover, filings show that the Agency accepts material with the claimant's social security number *or* a barcode, *if* a barcode has been provided. Tr. 6, 3. Medic has not shown that the Agency failed to provide him with the proper means with which to submit evidence; he doesn't even claim to have had any evidence to submit.

     Medic also complains that the ALJ's decision denying him a hearing was "hasty" and, thus, prevented him from submitting new evidence. Doc. 23, p. 14. But in his request for a hearing, neither counsel nor Medic indicated that there was additional evidence to submit, nor did they submit additional evidence within 10 days, as the form directed. Tr. 14. Counsel admits that he had "set about requesting and obtaining" Medic's records at this time (Doc. 23, p. 11); however, he did not inform the Agency that he had begun to request and obtain records. The ALJ waited more than one month (far more than the 10 days Medic had to submit evidence) before denying his request for a hearing. The Agency still had received no evidence nor indication from Medic that he was requesting and obtaining additional evidence. It cannot be said that the ALJ's decision was "hasty" when Medic's file was ripe for ruling and the ALJ had not been informed that evidence was forthcoming, that evidence had been requested, or that more time was needed to obtain evidence.

9

Medic points out that Defendant did not file a complete transcript in this Court that included the medical evidence that the ALJ relied upon when denying Medic's request for a hearing. Doc. 23, pp. 11-13. Medic claims that, without the complete transcript, the Court cannot review the evidence that was in his file and reviewed by the ALJ and, therefore, is unable to determine whether the ALJ's decision deprived him of procedural due process. Doc. 23, p. 12. He states that the Court cannot evaluate "what constitutes 'new and material' evidence in the determination of whether the application of res judicata was proper." Doc. 23, p. 12. This argument fails. It is undisputed that Medic did not provide new evidence to the ALJ prior to the ALJ denying his request for a hearing, hence the finding of *res judicata*. Thus, there was no "new and material" evidence submitted to the ALJ for the Court to review. Medic's further assertion that Defendant's failure to file a complete transcript violated 42 U.S.C. § 405(g) also fails. While true that § 405(g) requires Defendant to file "a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based[,]" this requirement is triggered when the claimant appeals a final decision of the Commissioner "made after a hearing." § 405(g). As discussed above, Medic is not appealing a final decision of the Commissioner made after a hearing. Defendant is not required to file a complete transcript, including the evidence that was in Medic's file when the ALJ denied his request for a hearing.

### III. Conclusion

For the reasons set forth herein, the undersigned recommends that Medic's case be **DISMISSED** because the Court lacks subject matter jurisdiction.

Dated: June 28, 2017

Kathleen B. Burke
United States Magistrate Judge

### **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).