**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANTO MEDIC, | ) | CASE NO. 1:16-CV-1415 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation issued by Magistrate Judge Kathleen B. Burke. (Docket #27). On October 26, 2016, Plaintiff, Anto Medic filed a Complaint seeking judicial review of the decision of the Defendant Commissioner of Social Security ("Commissioner") dismissing his request for a hearing based on *res judicata* and alleging that Defendant deprived him of his procedural due process rights in conjunction with his application for Disability Insurance Benefits ("DIB"). (Docket #13). The Magistrate Judge recommends that this case be dismissed because of lack of subject matter jurisdiction.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and

recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. Fed. R. Civ. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

**Discussion**

Medic argues that his procedural rights were violated because the Adminstrative Law Judge (ALJ) failed to follow the Agency's own regulations when she dismissed his request for a hearing based on *res judicata*. Doc. 23, p. 9. He also argues that Defendant failed to file a complete transcript in this case, which constitutes prejudice per se under 42 U.S.C. § 405(g). *Id.*

**A. This Court lacks subject matter jurisdiction based on 42 U.S.C. § 405(g)**

A party may seek judicial review of a final decision of the Commissioner of Social Security "made after a hearing." 42 U.S.C § 405(g); *Hilmes v. Sec'y of Health & Human Servs.*, 983 F.2d 67, 69 (6th Cir. 1993). An ALJ's decision to deny the claimant's request for a hearing is itself made without a hearing and, therefore, falls outside the purview of § 405(g). *Id.* (affirming dismissal for lack of jurisdiction when the claimant's request for a hearing was denied by the ALJ on the grounds of res judicata and the Appeals Counsel declined to review the ALJ's decision). An exception to the jurisdictional bar exists when the claimant presents a colorable constitutional claim, e.g., that the claimant's due process rights were violated. *Id.*, at 70; *Glazer v. Comm'r of Soc. Sec.*, 92 Fed. App'x. 312, 314 (6th Cir. 2004) (citing *Cottrell v. Sullivan*, 987 F.2d 342, 345 (6th Cir. 1992)).

Here, the ALJ denied Medic's request for a hearing based on res judicata and the Appeals Council declined to review the ALJ's decision. Thus, absent a colorable

constitutional claim, the Court lacks jurisdiction to hear Medic's appeal. See *Hilmes*, 983 F.2d at 69-70.

**B. Medic does not present a colorable constitutional claim**

Medic argues that the ALJ violated Social Security Regulations when she denied his request for a hearing based on *res judicata* because she should have recognized that Medic's second application was an implied request to reopen his previous determination. Doc. 23, p. 10. He contends that a prior decision can be reopened within four years of the notice of the initial determination and, because his second application was filed within four years of his first notice of initial determination, the ALJ had to consider whether he met the requirements for reopening pursuant to 20 C.F.R. §§ 404.988 and 404.989. *Id.* Even if Medic's argument could be characterized as describing a procedural due process violation, his argument fails. Under §§ 404.988 and 404.989, good cause to reopen a prior determination is made when a claimant provides new and material evidence. § 404.989(a); Doc. 23, p. 10 (Medic's brief stating that good cause exists when new and material evidence is furnished). But Medic did not provide any evidence to the ALJ. Therefore, even if his second application could have been seen as a request to reopen a prior decision, Medic did not provide any evidence, let alone new and material evidence, upon which the ALJ could have found good cause to reopen the prior determination.

Medic's failure to diligently pursue his disability claim does not describe a procedural due process violation. Importantly, at the time of the ALJ's decision denying him a hearing, Medic had been advised by the Agency five times that he should submit

4

additional evidence relating to his claim (Tr. 40, 37, 21, 15, 14) and had twice indicated that he had, in fact, no new evidence to submit (Tr. 19, 14). Notably, Medic was represented by counsel prior to December 31, 2012, continuing to the present time; he cannot (and does not) allege that he was mentally or physically incapable of submitting evidence or understanding how to submit evidence. He does argue that he was provided no "necessary means to submit [his] medical records" because the Agency did not send him a barcode with which to submit evidence (Doc. 23, p. 11), but this argument fails. Medic does not explain why he needed a barcode to submit evidence. The request for a hearing form simply states that any additional evidence should be submitted within 10 days of the request for a hearing. Tr. 14. Moreover, filings show that the Agency accepts material with the claimant's social security number or a barcode, if a barcode has been provided. Tr. 6, 3. Medic has not shown that the Agency failed to provide him with the proper means with which to submit evidence; he doesn't even claim to have had any evidence to submit.

Medic also complains that the ALJ's decision denying him a hearing was "hasty" and, thus, prevented him from submitting new evidence. Doc. 23, p. 14. But in his request for a hearing, neither counsel nor Medic indicated that there was additional evidence to submit, nor did they submit additional evidence within 10 days, as the form directed. Tr. 14. Counsel admits that he had "set about requesting and obtaining" Medic's records at this time (Doc. 23, p. 11); however, he did not inform the Agency that he had begun to request and obtain records. The ALJ waited more than one month (far more than the 10 days Medic had to submit evidence) before denying his request for a hearing. The

5

Agency still had received no evidence nor indication from Medic that he was requesting and obtaining additional evidence. It cannot be said that the ALJ's decision was "hasty" when Medic's file was ripe for ruling and the ALJ had not been informed that evidence was forthcoming, that evidence had been requested, or that more time was needed to obtain evidence.

Medic points out that Defendant did not file a complete transcript in this Court that included the medical evidence that the ALJ relied upon when denying Medic's request for a hearing. Doc. 23, pp. 11-13. Medic claims that, without the complete transcript, the Court cannot review the evidence that was in his file and reviewed by the ALJ and, therefore, is unable to determine whether the ALJ's decision deprived him of procedural due process. Doc. 23, p. 12. He states that the Court cannot evaluate "what constitutes 'new and material' evidence in the determination of whether the application of res judicata was proper." Doc. 23, p. 12. This argument fails. It is undisputed that Medic did not provide new evidence to the ALJ prior to the ALJ denying his request for a hearing, hence the finding of *res judicata*. Thus, there was no "new and material" evidence submitted to the ALJ for the Court to review. Medic's further assertion that Defendant's failure to file a complete transcript violated 42 U.S.C. § 405(g) also fails. While true that § 405(g) requires Defendant to file "a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based[,]" this requirement is triggered when the claimant appeals a final decision of the Commissioner "made after a hearing." § 405(g).

6

As discussed above, Medic is not appealing a final decision of the Commissioner made after a hearing. Defendant is not required to file a complete transcript, including the evidence that was in Medic's file when the ALJ denied his request for a hearing.

**Conclusion**

The Court has carefully reviewed the Report and Recommendation and agrees with the findings set forth therein. The Report and Recommendation of Magistrate Judge Burke (Docket #27) is ADOPTED and the case DISMISSED for lack of subject matter jurisdiction.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　 _/s/Donald C. Nugent_____
　　　　　　　　　　　　　　　　　　　　DONALD C. NUGENT
　　　　　　　　　　　　　　　　　　　　United States District Judge

DATED:  __July 25, 2017__